IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONTGOMERY CARL AKERS,

    Plaintiff,

    v.

KIM I. FLANNIGAN, et al.,

    Defendants.

Case No. 5:20-cv-03311-HLT-TJJ

## ORDER

Plaintiff, Montgomery Carl Akers, who is currently incarcerated at Marion-USP, brings this *pro se* civil rights case under *Biven v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (Doc.2).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

Plaintiff's allegations in his Complaint are based on claims that he is being denied dental and medical treatment due to his filing "administrative processes within the Federal Bureau of

---

[1] *See Akers v. Watts*, 589 F. Supp. 2d 12 (D.D.C. 2008) (identifying two strikes); *Akers v. Rukosek*, Case No. 09-472-DMS (S.D. Cal. April 28, 2009) (dismissed as a frivolous duplicative action), appeal dismissed (9th Cir. Dec. 4, 2009); *Akers v. Poisson*, 2009 WL 1375167 (D. Me. 2009) (dismissed as stating no claim for relief); *Akers v. Crow*, Case No. 09-3037-RDR (dismissed as frivolous) (D. Kan. March 2, 2009), *affirmed* (10th Cir. Aug. 28, 2009).

Prisons and against government actors who are involved in maliciously prosecuting [him]." (Doc. 1, at 3.) Plaintiff claims that he has an infected tooth and an ingrown toenail. *Id*. at 4. Plaintiff suggests that defendants, including various federal judges and prosecutors in Kansas, are manipulating his healthcare at USP-Marion. Plaintiff seeks $100,000 in damages and injunctive relief—a remedy the Kansas defendants would not be able to provide. *See Akers v. Flannigan*, Case No. 20-3225-HLT-GEB (D. Kan. Sept. 8, 2020) (report and recommendation at Doc. 4 noting that Kansas defendants could not provide Plaintiff injunctive relief regarding his medical claims).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

THE COURT THEREFORE ORDERS that Plaintiff's Motion to Proceed without Prepayment of Fees (Doc.2) is **denied**. Plaintiff is granted until **January 15, 2021,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

IT IS SO ORDERED.

Dated: December 23, 2020   /s/ *Holly L. Teeter*
  HOLLY L. TEETER
  UNITED STATES DISTRICT JUDGE