IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MONTGOMERY CARL AKERS,**

   **Plaintiff,**

   v.

**KIM I. FLANNIGAN, et al.,**

   **Defendants.**

Case No. 5:20-cv-03311-HLT-TJJ

## ORDER

Plaintiff, Montgomery Carl Akers, who is currently incarcerated at Marion-USP, brings this *pro se* civil rights case under *Biven v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On December 23, 2020, the Court entered an Order (Doc. 4) denying Plaintiff's motion for leave to proceed in forma pauperis and granting him until January 15, 2021, to submit the $402.00 filing fee. This matter is before the Court on Plaintiff's motion for reconsideration (Docs. 5, 6).

Local Rule 7.3(b) permits a party to file a motion to reconsider based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice. D. Kan. Rule 7.3(b). Plaintiff has not shown an intervening change in controlling law or an availability of new evidence.

Plaintiff ask the Court to incorporate his arguments and pleadings in *Akers v. Flannigan*, Case No. 20-3225-HLT-GEB (D. Kan.). Plaintiff makes the same arguments that he made in his motion to reconsider in Case No. 20-3225. He argues that the Court erred in failing to find that he was in imminent danger when he filed his Complaint, and that the Court erred in failing to consider the ongoing conspiracy to deny Plaintiff access to various financial institutions.

The Court denied Plaintiff's motion for reconsideration in Case No. 20-3225, finding that the complaint in that case "did not contain credible allegations of imminent danger." *Id.* at Doc. 13, at 2 (citing *Davis v. GEO Grp. Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017)). In the present case, Plaintiff argues in his motion to reconsider that the Court erred in finding no showing of imminent danger in his Complaint because he has an infected tooth that will be fatal if left untreated. In his Complaint, he alleged that he has an infected tooth and an ingrown toenail. (Doc. 1, at 4.) The Court found that Plaintiff was not in imminent danger at the time of filing. Plaintiff has failed to show the need to correct clear error or to prevent manifest injustice to warrant reconsideration of the Court's ruling.

Next, Plaintiff argues in this case, as he did in Case No. 20-3225, that an ongoing conspiracy is preventing him from paying his filing fees. Plaintiff argues that the defendants in his cases are colluding with the Federal Bureau of Prisons to prevent him from submitting the filing fee. Plaintiff states that "[h]e can pay the filing fees in this case." (Doc. 5, at 10.) In his application to proceed without prepayment of fees (Doc. 2), he states that he has "accounts receivable of upwards of 270 Million U.S. Dollars that [he] cannot access due to oppression of the defendants in this case." (Doc. 2, at 2.) In denying his motion for reconsideration in Case No. 20-3225, the Court held that:

> Second, Plaintiff argues that the Court erred in failing to consider the ongoing conspiracy to deny Plaintiff access to various financial institutions. To the contrary, the Court acknowledged Plaintiff's allegations, but explained that such allegations were irrelevant to the Court's analysis. Doc. 10 at 3. This is because the PLRA categorically prohibits three-strike litigants from bringing any civil action without prepayment of the filing fee. 28 U.S.C. § 1915(g); *see also Queen v. United States*, 2006 WL 3791321, at *2 (D. Kan. 2006) (explaining that the purpose of the PLRA's three-strikes rule is to curtail abusive prisoner litigation). The only exception is if the three-strike litigant is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added). If he cannot make this showing, then he cannot proceed without paying the filing fee—even if he alleges

> he is being denied access to financial institutions. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (explaining that when the statute's language is plain, the sole function of the courts is to enforce it according to its terms).

*Akers v. Flannigan*, Case No. 20-3225-HLT-GEB (D. Kan.) (Doc. 13, at 2–3).

Plaintiff argues that the Court's reliance on *Ron Pair* is misplaced, and that the relevant case is *Beyer v. Cormier*, 235 F.3d 1039 (7th Cir. 2000). In *Beyer*, the court dismissed the case "with prejudice" when plaintiff failed to pay his initial partial filing fee by the deadline. The Seventh Circuit found that "the district court's relatively short deadline, the absence of a minimal extension, and the dismissal with prejudice constituted an abuse of discretion by the district court." *Id*. at 1041. The case is clearly distinguishable because the plaintiff in *Beyer* was not a three-strike litigant under § 1915(g), and this Court's prior Order noted that Plaintiff's failure to pay the fee by the deadline would result in dismissal "without prejudice." (Doc. 4, at 3.)

The Court agrees with its ruling on Plaintiff's motion for reconsideration in Case No. 20-3225 and finds that Plaintiff has failed to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice. *See* D. Kan. Rule 7.3(b). Therefore, reconsideration of the Court's December 23, 2020 Order at Doc. 4 is not warranted.

THE COURT THEREFORE ORDERS that Plaintiff's motion for reconsideration (Doc. 5) is DENIED.

IT IS SO ORDERED.

Dated: January 15, 2021              /s/ *Holly L. Teeter*
                                     HOLLY L. TEETER
                                     UNITED STATES DISTRICT JUDGE

3